UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY,   Plaintiff,   v.   T. COBB, et al.,   Defendants. | No. 2:14-cv-2661 TLN CKD P   FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The claims which remain arise under the First Amendment against defendants Betti, Hood, and Griffith. Defendant Griffith's motion for summary judgment is before the court.

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

/////

1

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the

facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

In his complaint (ECF No. 1), which is signed under the penalty of perjury, plaintiff alleges that defendant Griffith removed plaintiff from his job assignment as a culinary worker in retaliation for plaintiff's utilization of the inmate grievance procedure at High Desert State Prison (High Desert).  In support of his claim, plaintiff asserts that a few days before losing his job, defendant Betti told plaintiff that he knew Assignment Lieutenant Griffith and that if plaintiff did not cancel his pending grievances, plaintiff would lose his job.  ECF No. 1 at 7.  Exhibit 12, attached to plaintiff's complaint, is written notification from defendant Griffith to plaintiff concerning the loss of plaintiff's job assignment:

> Effective 11-05-10 Inmate DICEY . . . has been unassigned from position DRLFD.652 due to BUILDING MOVE.  Inmate DICEY has retained his A1A status and placed back on the D/SS waiting lists.  Inmate DICEY will be reassigned when reachable on the waiting list and a position is vacant at that custody level, case factors, ethnicity, work qualifiers meet the requirements of the position, and institutional needs are met.

In his affidavit attached to his motion for summary judgment, defendant Griffith asserts as follows:

1. Plaintiff lost his work assignment as a culinary worker solely because of his housing transfer from Delta 2 Yard to Delta 1 Yard.  Defendant Griffith was not the person who decided to transfer plaintiff to Delta 1 Yard and had no authority, at the relevant period of time, to change an inmate's housing assignment.

/////

/////

2. Plaintiff was placed on a waiting list for a new assignment when was he was transferred to Delta 1 Yard and received a new assignment sometime in December, 2010.

3. Generally speaking, inmates at High Desert are not permitted to have job or education assignments outside of their housing facilities because of the need to minimize inmate movement. Less inmate movement amounts to fewer security concerns and less movement of contraband throughout the prison.

4. Defendant Griffith had no knowledge of any inmate grievances filed by plaintiff which were pending in November, 2010.

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Id. at 532.

The court finds that undisputed evidence shows that not permitting inmates to maintain job assignments in buildings other than those in which they are housed advances legitimate correctional goals and is narrowly tailored. Plaintiff does not dispute that placing limitations on inmate movement, wherever possible, promotes security and reduces the flow of contraband. It is important to note that prisons are not required to allow inmates to work at all, see Walker v. Gomez, 370 F.3d 969, 973 (2004), so, to the extent prison officials opt to permit inmates to work only with minimal compromise to security, such is within their purview. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) (prison officials accorded wide-ranging deference in maintaining institutional security). Furthermore, the fact that plaintiff was denied a job assignment for only one to two months demonstrates that the policy of generally not permitting inmates to work outside of their housing units is narrowly tailored.

In his opposition, plaintiff asserts that while he worked in the Delta 2 Yard dining hall, he heard correctional officers say that one of his co-workers, an inmate Redman, was assigned to the Delta 4 Yard. ECF No. 42 at 2-3. However, plaintiff's testimony as to the statements of the correctional officers is inadmissible hearsay. Fed. R. Evid. 801 et. seq. In any case, even if the

4

court were to consider the statements, a single instance of an inmate being allowed to work in an area outside of the building in which the inmate was housed does not raise a genuine issue of material fact as to whether plaintiff's job loss after his housing transfer did not advance legitimate correctional goals.  Indeed, plaintiff fails to offer any reason why he should have been exempted from the general rule restricting inmates to job assignments according to their housing assignments.

For all of the foregoing reasons, the court will recommend that defendant Griffith's motion for summary judgment be granted, and that defendant Griffith be dismissed from this action.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Griffith's motion for summary judgment (ECF No. 20) be granted; and

2. Defendant Griffith be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 5, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
dice2661.msj(1)