UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY, | No. 2:14-cv-2661 TLN CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| T. COBB, et al., | |
| Defendants. | |

    Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On March 13, 2015, the court screened plaintiff's complaint pursuant to 28 U.SC. § 1915A and found that plaintiff could proceed on claims against defendants Betti and Hood arising under the First Amendment. Plaintiff alleges Betti and Hood caused plaintiff to lose a job assignment in retaliation for plaintiff's use of the inmate grievance process at High Desert State Prison (High Desert). Defendants Betti and Hood answered plaintiff's complaint on July 21, 2015 and their motion for summary judgment is now before the court.

    Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for

purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

In his complaint, which is signed under the penalty of perjury, plaintiff alleges that on November 4, 2010, plaintiff was transferred from the Delta Five housing unit, C section, to the Delta One unit. As a result of this transfer, plaintiff was removed from his job assignment in the Delta Three dining hall.

Plaintiff alleges that defendants Betti and Hood caused plaintiff to be transferred in retaliation for prisoner grievances submitted by plaintiff. In support of this, plaintiff asserts that defendant Betti told plaintiff the following, two days before plaintiff was transferred to Delta One:

> Dicey I see that second watch now has you on their shit list. You just can't stop your little appeals, huh. You['re] going to lose.

Compl. at 6.

Plaintiff also claims defendant Betti said the following, the day before he was transferred:

> Dicey I know people such as "Griffith," remember him Dicey from "C" Yard? Well he is the assignment Lieutenant so here is your heads up, trash that / those appeals right now, this is your last chance to keep everything you now have, once you are moved you will lose your job.

Id. at 7.

In their affidavits attached to defendants' motion for summary judgment, Betti and Hood both state that while they could recommend that an inmate be transferred to another housing

3

facility, a transfer could only be effectuated upon approval of the "facility sergeant." Neither recalls recommending plaintiff for a transfer out of Delta Five in November, 2010.

At his deposition, plaintiff testified that after he was moved to Delta One, he was given a new job in December, 2010. ECF No. 29-4 at 11. He also testified that after he was transferred to Delta One, but before he was given a new job assignment, he was away from High Desert for a jury trial for approximately 16 days. Id. Accordingly, as a result of being transferred to Delta One, plaintiff did not have a job assignment for, at most, approximately one month.

Additionally, at his deposition, plaintiff testified that on at least four or five occasions plaintiff asked defendants Betti and Hood for a transfer out of the C section of Delta Five because of a lack of privileges. Id. at 14. However, nothing suggests plaintiff requested a transfer from the Delta Five unit.

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). A First Amendment retaliation claim has five elements: 1) the retaliated-against conduct is protected; 2) a defendant took adverse action against the plaintiff; 3) there is a causal connection between the protected conduct and the adverse action; 4) the defendant's acts would chill future First Amendment activities of a reasonable person; and 5) the retaliatory action did not advance legitimate correctional goals. Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

Defendants argue that there is no evidence that either defendant caused plaintiff to be transferred from Delta Five to Delta One, thereby causing plaintiff to lose his job in the Delta Three dining hall. With respect to defendant Hood, the court agrees. There is no evidence before the court indicating Hood took any action which resulted in plaintiff being transferred to Delta One. As for defendant Betti, however, the statement plaintiff alleges Betti made the day before transfer could be viewed as a threat that plaintiff would be transferred if he did not withdraw his prisoner grievances. This is enough evidence to create at least a genuine issue of material fact as to whether Betti recommended plaintiff for transfer the next day, and thereby caused his transfer, because plaintiff refused to withdraw his grievances.

/////

Defendants also argue that plaintiff's transfer to Delta One served a legitimate correctional goal, i.e. granting plaintiff's request to be transferred from C section in Delta Five. This court rejects this argument as there is no evidence suggesting plaintiff ever requested a transfer out of Delta Five or into Delta One. Furthermore, there is no evidence that defendants transferred plaintiff to Delta One based upon plaintiff's request that he be transferred from C section in Delta Five. In fact, defendants fail to adduce any evidence as to why plaintiff was transferred.

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Betti and Hood's motion for summary judgment (ECF No. 29) be granted in part and denied in part as follows:

1. Granted with respect to plaintiff's remaining claim against defendant Hood, resulting in defendant Hood's dismissal from this action; and

2. Denied with respect to plaintiff's remaining claim against defendant Betti.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
dice2661.msj