UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERLAN LYNELL DICEY,<br><br>    Plaintiff,<br><br>  v.<br><br>T. COBB, et al.,<br><br>    Defendants. | No. 2:14-cv-2661 TLN CKD P |
| BERLAN LYNELL DICEY<br><br>    Plaintiff,<br><br>  v.<br><br>C. RAYNER, et al.,<br><br>    Defendants. | No. 2:15-cv-0927 TLN CKD P<br><br><br><br><br><br>ORDER |

I.     <u>Introduction</u>

    A settlement agreement was reached in both of these actions on June 19, 2017 after a settlement conference held before Magistrate Judge Kendall J. Newman. On July 26, 2017, after learning from counsel for defendants that plaintiff had refused to sign a stipulation of dismissal,

1

Judge Newman ordered plaintiff to show cause, within 10 days, for plaintiff's refusal. Pending now before the court are plaintiff's "Motion of Rejection of the 6/19/2017 Settlement Agreement." (ECF No. 73 in case number 2:14-cv-2661 TLN CKD P; ECF No. 43 in case number 2:15-cv-0927 TLN CKD P.) For the following reasons, plaintiff's motions are denied.

II. Legal Standard

A district court has the inherent power to enforce a complete settlement agreement entered into while the litigation is pending before it. In re City of Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1995); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). This enforcement power extends to oral agreements. Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002). The moving party has the burden of demonstrating that the parties formed a legally enforceable settlement agreement. In re Andreyev, 313 B.R. 302, 305 (B.A.P. 9th Cir. 2004) (citing 15A Am. Jur. 2d Compromise and Settlement § 57 (2000)).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." Jeff D. v. Andrus, 899 F.2d 753, 759 (9th. Cir. 1989). Therefore, even though the underlying cause of action presented in this litigation is based upon a federal statute, this court applies California law regarding the formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992); see also Harrop v. West. Airlines, Inc., 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law).

In California, oral settlement agreements made before the court and oral contracts are enforceable. Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622. "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." Lopez v. Charles Schwab & Co., Inc., 13 Cal. Rptr. 3d 544, 548 (Cal. Ct. App. 2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. Civ. Code § 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon

the same thing in the same sense.'" Weddington Prod., Inc., v. Flick, 71 Cal. Rptr. 2d 265, 277 (Cal. Ct. App. 1998) (quoting Cal. Civ. Code § 1580).

III. Facts

A settlement agreement was reached in both of these actions on June 19, 2017 after a settlement conference held before Magistrate Judge Kendall J. Newman. The terms of the settlement were recited on the record, and the undersigned has reviewed the transcript of that proceeding. ECF Nos. 72 and 42. Judge Newman ordered that the stipulation of dismissal be filed within 30 days.

Plaintiff argues that Judge Newman misled plaintiff into believing it is not possible for plaintiff to obtain as relief in 2:15-cv-0927 the expungement of the prisoner disciplinary proceeding finding in case number FD-11-02-001 by indicating relief would be barred by the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).[1]

As background, although plaintiff requested that a rules violation report ("RVR") be withdrawn as a part of the settlement agreement, the defendants would not include that provision. As Judge Newman explained during the recitation of the settlement terms on the record, "The agreement is that [the RVR] won't be withdrawn as part of the settlement. I just want to get that on the record as well so there's not later an argument that you thought it was being withdrawn. It's not being withdrawn." Id. at 7. Judge Newman then inquired, "Mr. Dicey, have I accurately stated the material terms as you understand them?" Plaintiff responded, "Yes, sir." At the conclusion of the proceedings, Judge Newman admonished plaintiff, "It is not a basis to refuse to sign those documents or to seek to set aside the settlement a week from now, a month from now, six months from now because you've had second thoughts…You understand we'll have a settlement as of now, sir." Plaintiff replied, "I do understand." Despite plaintiff's assurances, he now wishes to revisit the terms of the settlement. Plaintiff will not be permitted such second-

---

[1] To the extent plaintiff takes issue with Judge Newman indicating to plaintiff that counsel for defendants would not include expungement as a part of the settlement agreement, whether expungement would occur as a part of the actual settlement agreement was entirely counsel for defendants' prerogative. Judge Newman had no authority to force expungement as a term of settlement.

3

guessing.

First, the court notes that plaintiff's complaint in 2:15-cv-0927 does not include a claim for injunctive relief. Thus despite plaintiff's arguments to the contrary, even if this court were to set aside the settlement, expungement of the RVR would not be available as a remedy.

Second, if plaintiff had any good conduct sentence credits revoked as a result of the finding the RVR, any request for expungement would be precluded by Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) in which the Supreme Court held that any challenge to the length of a prisoner's sentence had to be maintained in a petition for writ of habeas corpus. If plaintiff did not have any good conduct sentence credits taken away, or if the credits taken away were later restored, expungement would not be a possible remedy unless the prisoner disciplinary proceedings finding subjected plaintiff to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). Plaintiff's complaint does not present facts suggesting he was subjected to "atypical and significant hardship" as a result of the RVR.

In light of the foregoing, and the remainder of the record before the court, there is no basis to set aside the settlement agreement reached by the parties on June 19, 2017.

IV. Conclusion

Good cause appearing, plaintiff's request that he be granted permission to withdraw from the settlement agreement concerning these two actions will be denied. Plaintiff will be given one more opportunity to sign all disposition documents including the stipulation of dismissal. If plaintiff refuses to sign the required documents, the court will entertain a motion to enforce the settlement.

IT IS HEREBY ORDERED that:

1. Plaintiff's motions to reject the settlement (ECF No. 73 in case number 2:14-cv-2661 TLN CKD P; ECF No. 43 in case number 2:15-cv-0927 TLN CKD P) are denied.

2. Plaintiff is granted an additional 21 days to sign all dispositional documents, including the stipulation of dismissal.

3. Counsel for defendants shall file the stipulation for dismissal within 30 days. If

4

defendants do not obtain the required documents for dismissal from plaintiff within 21 days, defendants may move for enforcement of the settlement agreement, and any other sanctions appropriate under the law.

Dated: August 28, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
dice0927.es